**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ILEANA MARGARITA ALAMO,**

      **Plaintiff,**

**v.**                                          **Case No:  6:18-cv-2037-Orl-41GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

---

## REPORT AND RECOMMENDATION

Ileana Margarita Alamo ("Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability and Supplemental Security Income benefits. Doc. No. 1. Claimant alleges a disability onset date of January 21, 2015. R. 331. Claimant argues that the decision of the Administrative Law Judge (the "ALJ") should be reversed because the ALJ failed to adequately weigh Claimant's treating doctor's opinion and the residual functional capacity ("RFC") the ALJ assigned Claimant does not match the hypothetical question the ALJ posed to the Vocational Expert (the "VE"). Doc. No. 25 at 20, 26. It is **RECOMMENDED** that the Commissioner's decision be **REVERSED**.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Claimant's first argument is that the ALJ erred by not clearly articulating why he assigned little weight to the opinion of Dr. Carrero, beyond the conclusory statement that the opinion was inconsistent with Dr. Carrero's treatment records. Doc. No. 25 at 20. As the Commissioner points out, Dr. Carrero is a chiropractor, and chiropractors are not considered acceptable medical sources. SSR 06-03P (S.S.A.), 2006 WL 2329939 (Aug. 9, 2006). "There is therefore no requirement that an ALJ give special weight to a chiropractor's opinion or specifically explain his reasons for disregarding the opinion." *Chapman v. Comm'r of Soc. Sec.*, 709 F. App'x 992, 995 (11th Cir. 2017);[1] *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (2004) (chiropractor is not an acceptable medical source, "and, thus, his opinion cannot establish the existence of an impairment."). Thus, it is recommended that the Court reject this argument.

Claimant's second argument is that the ALJ erred because the RFC includes a limitation that "[C]laimant needs assistance setting goals," R. 37, but the ALJ did not include this limitation

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

in his hypothetical question to the VE, R. 95. Doc. No. 25 at 26. The hypothetical question to the VE must comprise all the claimant's impairments for the VE's testimony to constitute substantial evidence. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).

The Commissioner argues that the ALJ did include the limitation regarding assistance in setting goals in the hypothetical to the VE, but that this portion of the hearing was improperly transcribed as a hypothetical "person [that] needs help sitting." R. 95; Doc. No. 25 at 28. The Commissioner relies on the ALJ's statement that the limitations come from Exhibit C-7A, where Dr. Hernandez, in her Mental RFC Assessment, states that Claimant is moderately limited in her "ability to set realistic goals or make plans independently of others." R. 145; Doc. No. 25 at 28.

The hearing was held at the Social Security Administration's Office of Disability Adjudication and Review. R. 55. The transcriber and proofreader certified that the hearing transcript "is a true and complete transcription of the testimony recorded at the hearing . . . ." R. 100. The Social Security Administration provides the hearing location, the recording equipment, the transcript, and the record for this appeal. 42 U.S.C. § 405(g) ("As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."); 20 C.F.R. § 404.936(a), (b), (e), (f) (Social Security Administration sets the time and place of the hearing; time or place of hearing may be objected to and changed if good cause exists to do so); 20 C.F.R. § 404.951(a)(2) ("All hearings will be recorded. The hearing recording will be prepared as a typed copy of the proceedings if— . . . You seek judicial review of your case by filing an action in a Federal district court within the stated time period, unless we request the court to remand the case . . . ."). If there is a mistake in the hearing transcript, the Commissioner provides no reason or authority supporting the principle that the party that had control over the

circumstances resulting in the mistake should benefit from it.[2] The VE's testimony does not constitute substantial evidence, as the evidence in the Record is that the hypothetical question to the VE did not include all of Claimant's impairments.

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

## NOTICE TO THE PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on October 1, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

---

[2] The ALJ's hypothetical question to the VE does track the limitations in Dr. Hernandez's Mental RFC Assessment, R. 94-95, 143-45, but the Court is constrained by the record before it. Making factual findings on appellate review is precluded, *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004), and thus the Commissioner's argument is unavailing.

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Christopher G. Harris, Regional Chief Counsel, Atlanta
John C. Stoner, Deputy Regional Chief Counsel
Beverly E. Williams, Branch Chief
Brian C. Huberty, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Stephen C. Calvarese
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA OHO Hearing Office
Bldg. 400, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224